WALDEN, Judge
(dissenting).
I respectfully dissent.
It cannot be disputed that the purchaser, with reference to the contracted closing date, was tardy as a matter of months in making tender and realistically attempting to close the sales transaction. The closing date was April IS, 1972. This law suit was filed by the purchaser in July 1972. However, he did not make tender until November 8, 1972, and there were other indications of his lack of diligence, such as his indifference in failing to forward the abstract of title to the title company for a binder until ten days past closing date. It is true that disputed issues of fact are to be resolved by the trial court and its findings of fact are presumed to be correct according to the case relied upon by the majority. However, here the trial court’s final judgment contained no “findings of fact” — only a naked adjudication of specific performance.
It is my view that, upon resolving every disputed fact issue in favor of the purchaser it can not be said, as a matter of law, that the delay was either reasonable or excusable. I think it is an unfortunate result, in the area of specific performance law, which permits a purchaser to be less and other than diligent in performing his contractual obligations — and then when he deems it propitious — to demand the seller’s performance. See generally 29A Fla.Jur., Specific Performance § 126 et seq. It is *134 true that the seller was fractious and uncooperative at times. It is still my feeling that her conduct was not even close to being sufficient under the law to simply excuse the purchaser from his obligations so as to allow him to proceed as he pleased.
I would reverse because I think the trial court misapprehended the legal effect of the evidence.